**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
500 James Robertson Parkway
Nashville, TN 37243-1131
PH - 615.532.5260, FX - 615.532.2788
brenda.meade@tn.gov

REC'D BY JEFF SHAY
SEP 09 2011
ROUTE TO:
COPIES TO:

September 7, 2011

State Farm Insurance Company
2500 Memorial Boulevard
Murfreesboro, TN 37131-0001
NAIC # 2880

Certified Mail
Return Receipt Requested
7011 0470 0000 5066 6485
Cashier # 5037

Re:   Alfonso Awwad D/B/A In And Out Wireless  V.  State Farm Insurance Company

Docket # CH-11-1411-3

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served August 31, 2011, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Shelby County
    140 Adams Street, Rm 308
    Memphis, Tn 38103

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT AT MEMPHIS | SUMMONS | DOCKET NUMBER CH- 11-1411-3 |
|---|---|---|
| **Plaintiff** Alfonso Awwad d/b/a In and Out Wireless | | **Defendant** State Farm Insurance Company |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

State Farm Insurance Company
3 State Farm Plaza
N-2
Bloomington, IL 61710-0001 (Principal Address)

Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203 (Registered Agent)

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☒ Comm. Of Insurance*
☐ Secretary of State*
☐ Out of County Sheriff*
☐ Private Process Server
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.

**Attorney for plaintiff or plaintiff if filing Pro Se:**
(Name, address & telephone number)

Neil Umsted
200 Jefferson, Suite 1313
Memphis, TN 38103
901.527-0644 (phone)
901.527-0650 (fax)

ISSUED 26 of August, 20 11

Dewun R. Settle, Clerk and Master

By: _____
Deputy Clerk & Master

**TO THE SHERIFF:**

**Came to hand**
_____ day of _____, 20 _____

**Sheriff**

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

For ADA assistance only, call (901) 379-7895

09/18/07

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____          ☐ Not Found _____
☐ Not Served _____      ☐ Other _____

DATE OF RETURN: This _____ day of _____, 20____.

By: _____
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the defendant _____, On the _____ day of _____, 20____, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20____.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this _____ day of _____, 20____.
Signature of _____ Notary Public or _____ Deputy Court Clerk

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

My Commission Expires:

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:  Clerk & Master
               140 Adams Ave.
               Room 308
               Memphis, TN 38103

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

I, Dewun R. Settle, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

Dewun R. Settle, Clerk & Master

By: _____
                            D.C. & M.

09/18/07

SHELBY COUNTY
CHANCERY COURT
AUG 26 2011
DEWUN R. SETTLE, C & M

IN THE CHANCERY COURT OF SHELBY COUNTY TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| ALFONSO AWWAD d/b/a, <br> IN AND OUT WIRELESS, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> )    No. CH-11-1411-3 <br> )    JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### VERIFIED COMPLAINT FOR BREACH OF CONTRACT
### AND BAD FAITH REFUSAL TO PAY

TO THE CHANCELLORS OF THE CHANCERY COURT FOR THE THIRTIETH JUDICIAL DISTRICT:

COMES NOW your Plaintiff, Alfonso Awwad, by and through his attorney of record, Howard Wagerman, and submits this Complaint for Breach of Contract and Bad Faith Refusal to Pay against Defendant State Farm Insurance Company (hereinafter referred to as "the Defendant"). In support thereof, your Plaintiff would assert the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Tenn. Code Ann. §§ 16-11-101 and 102 (a) vesting with Chancery Courts powers, privileges and jurisdiction properly and rightfully incident to a court of equity.

2. This Court further has personal jurisdiction over both parties, as Plaintiff is domiciled in Tennessee and conducted business in Shelby County, Tennessee, and the Defendant is a national corporation organized under the laws of the State of Delaware that regularly conducts business in Memphis, Shelby County, Tennessee.

3. The Defendant may be served with process at 2908 Poston Ave., Nashville, TN 37203; or by the Tennessee Commissioner of Insurance at 500 James Patterson Parkway, Nashville, Tennessee, 37243-0565.

4. This Court is the proper venue as this cause of action arose in Shelby County, Tennessee.

## RELEVANT FACTS

5. Plaintiff and Defendant contractually entered into insurance policy number 92-BD-J124-3 whereby the Defendant would provide insurance coverage not to exceed $85,500.00 for fire damage occurring at the Plaintiff's place of business between the period of June 23, 2008 and June 23, 2009.

6. Plaintiff timely paid all applicable annual premiums to the Defendant pursuant to the policy.

7. On May 29, 2009, an arsonist burned Plaintiff's business located at 2127 Frayser Blvd., in Memphis, Shelby County, Tennessee, which resulted in damage exceeding $100,000 to the structure, equipment, and inventory of the business.

8. On or around May 29, 2009, the Memphis Police Department arrested Charles Wren in connection with this arson and charged him accordingly.

9. On or around July 9, 2009, the Plaintiff submitted to the Defendant a sworn statement in proof of loss, along with supporting documentation, demanding a payment of $85,500.00 pursuant to the policy mentioned in Paragraph 4.

10. On or around March 10, 2010, the Defendant denied voluntary payment of the claim, but invited the Plaintiff to submit additional documentation in support of the claim to aid in the Defendant's continued investigation.

11. On or around March 19, 2010, the Plaintiff retained Counsel who wrote a detailed letter demanding payment of the claim in full.

12. On or around April 29, 2010, the Plaintiff agreed to give a sworn statement under oath and examination by the Defendant, through Counsel, to assist the Defendant in their investigation of the claim.

13. In the following months, the Plaintiff fully complied with the Defendant's numerous demands regarding the production of various documents purportedly in support of the claim.

14. On or around May 17, 2011, Plaintiff's Counsel received a letter from the Defendant officially denying any voluntary payment towards the claim.

15. On June 15, 2011, Plaintiff's Counsel mailed a letter certified, return receipt requested, to the Defendant asserting Plaintiff's intent to pursue a bad-faith claim if payment is not made pursuant to the policy.

16. On or around June 17, 2011, Plaintiff' Counsel received the return receipt from the aforementioned letter indicating that the Defendant signed for the letter on June 17, 2011.

## COUNT I: BREACH OF CONTRACT.

17. Plaintiff hereby incorporates by reference all allegations contained in the preceding Paragraphs as if specifically plead within this Paragraph.

18. An enforceable contract existed between the Plaintiff and the Defendant when the Plaintiff agreed to purchase an insurance policy from the Defendant for an annual premium payment.

19. The Defendant failed to perform pursuant to the lawful contract when the Defendant refused payment to the Plaintiff for fire damage the Plaintiff's business sustained.

20. The Plaintiff has suffered a sustainable monetary damage in the amount of $85,500.00 when the Defendant breached its contractual duty to reimburse the Plaintiff for fire damage.

## COUNT II: BAD FAITH REFUSAL TO PAY.

21. Plaintiff hereby incorporates by reference all allegations contained in the preceding Paragraphs as if specifically plead within this Paragraph.

22. Plaintiff notified the Defendant over sixty-days prior to the filing of this suit that the Plaintiff intended to pursue a bad faith claim against the Defendant if payment is not made pursuant to the policy.

23. Upon information and belief, the Defendant's refusal to pay was not made in good faith.

24. Upon information and belief, the Defendant's refusal to pay was made in bad faith based on several factors, including but not limited to the following:

    a. An unfounded belief that the Plaintiff engaged in concealment, misrepresentation or fraud with respect to the policy, the covered property, the Plaintiff's interest in the covered property, or a claim under the policy;

    b. The Defendant had previously paid the Plaintiff pursuant to the policy for an unrelated incident; or

    c. An unfounded belief that the Plaintiff inflicted the damage to his business for purposes of collecting pursuant to the policy.

25. The Plaintiff has incurred additional expense due to the Defendant's failure to pay, including but not limited to, attorney's fees, court costs, and the restocking of the inventory, equipment, and other necessities of his business.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS that this Honorable Court grant the following relief:

1. Issue summonses and require the Defendant to answer this Complaint;

2. Award the Plaintiff $85,500 as damages for breach of contract;

3. Award the Plaintiff, pursuant to Tenn. Code Ann. § 56-7-105, a sum not exceeding twenty-five percent (25%) of the liability for the loss, additional expense, loss, and injury including attorney's fees.

4. Award the Plaintiff an amount equal to the costs of this cause; and

5. Award further damages and provide such further relief as this Court deems just and proper.

Respectfully Submitted,

Howard Wagerman (6773)
Attorney for Plaintiff
200 Jefferson, Suite 1313
Memphis, TN 38103
901-527-0644 – phone
901-527-0650 – fax
neil.umsted@gmail.com